**Abated and Opinion Filed August 18, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-20-00154-CR**

**No. 05-20-00155-CR**

**CHARLES TURNER GLOVER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-55030-H & F18-55032-H**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Nowell

A jury convicted Charles Turner Glover of aggravated assault with a deadly weapon and unlawful possession of a firearm by a felon. He was sentenced to thirty years' and twenty five years' confinement, respectively. On appeal, appellant's counsel filed an *Anders* brief in which she concluded the appeal is "without merit and wholly frivolous" because the record reflects no reversible error. Thereafter, appellant filed a pro se response arguing the trial court abused its discretion by denying his requested jury instructions on duress and necessity in the unlawful

possession case, the trial court erred by denying his motion to suppress, and both trial and appellate counsel rendered ineffective assistance.

When an appellate court receives an *Anders* brief from an appellant's court-appointed attorney asserting that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Anders v. California*, 386 U.S. 738, 744 (1967) (emphasizing the reviewing court, and not appointed counsel, determines whether the case is "wholly frivolous" after fully examining the proceedings); *Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id.* at 436. An appeal is not wholly frivolous when it is based on "arguable" grounds. *See Anders*, 386 U.S. at 744.

If, after conducting an independent review of the record, we conclude that "appellate counsel has exercised professional diligence in assaying the record for error" and agree the appeal is frivolous, we should grant counsel's motion to withdraw, *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006), and affirm the trial court's judgment, *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). However, if we conclude "either that appellate counsel has not adequately discharged [her] constitutional duty to review the record for any arguable error, or that the appeal is not wholly frivolous, notwithstanding appellate counsel's efforts,"

–2–

we must abate the appeal and return the cause to the trial court for the appointment of new appellate counsel. *Meza*, 206 S.W.3d at 689; *see also Crowe v. State*, 595 S.W.3d 317, 318–19 (Tex. App.—Dallas 2020, no pet.) (recognizing and applying these rules).

After conducting an independent review of the record in this case, we conclude that appointed counsel has not met her obligations under *Anders*. An *Anders* brief filed in a contested case must describe any objections raised and ruled on during trial and "discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the trial court." *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). During appellant's testimony, the State lodged numerous hearsay objections that were sustained by the trial court. Yet, appellant's appointed attorney does not identify or describe these objections, nor does she discuss why the trial court's ruling on these objections was either correct or not harmful to appellant. Indeed, the necessity of discussing the State's objections and the rulings thereon becomes increasingly clear if those objections and rulings prevented the defense from admitting evidence or pursuing a line of questioning, cross-examination, or impeachment of any witness. *Arevalos v. State*, No. 05-19-00466-CR, 2020 WL 5087778, at *3 (Tex. App.—Dallas Aug. 28, 2020, no pet.) (mem. op., not designated for publication).

Further, this Court is concerned with counsel's interpretation of what constitutes "arguable" grounds for appeal. "The constitutional requirement of

substantial equality and fair process can only be attained where counsel acts in the role of an active advocate on behalf of his client, as opposed to that of amicus curiae." *High,* 573 S.W.2d at 810 *(citing Anders*, 386 U.S. at 744). Appellant's appointed attorney's role as an advocate requires supporting her client's appeal to the best of her ability. *See id.* In the instant case, instead of advocating on behalf of her client, appellant's appointed counsel draws inferences against her client to support her conclusion that there is no arguable error. One example occurs in counsel's discussion of the court's ruling on appellant's requested necessity and duress instructions. Counsel's brief states "[i]t is clear that the Appellant put himself in harms [sic] way by pursuing the complainant." However, the portion of the record she references to support this statement is testimony from appellant wherein he claims that he believed the victim was charging him. Counsel's analysis of this ruling is insufficient to allow the Court to conclude this issue is not an arguable ground for appeal.

Consequently, we cannot agree with appellant's appointed attorney's determination that the appeal is wholly frivolous. The above are only examples of the issues that remain to be investigated in this record. We note that this was a contested case tried before a jury to determine both guilt or innocence and proper punishment, and the record contains many objections and rulings that were adverse to appellant. While we express no opinion about whether there are meritorious issues in this case, we are not satisfied that the brief filed by appointed counsel is based

–4–

upon the type of review envisioned by *Anders*, i.e., a conscientious and thorough review of the law and facts. *See Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 407-08. Consequently, we grant appointed counsel's motion to withdraw and strike the *Anders* brief filed by appointed counsel.

We remand this case to the trial court and order the trial court appoint new appellate counsel to represent appellant. New appellate counsel should investigate the record and either (1) file a brief that addresses arguable issues found within the record, or (2) if, after a thorough and professional review of the record, counsel identifies no such arguable issues, file an *Anders* brief that complies with the requirements of *Anders* and *High*.

We further order the trial court to inform this Court in writing of the identity of new appellate counsel, new appellate counsel's contact information, and the date counsel is appointed.

We remove this appeal from the submission docket and abate the appeal for the trial court to comply with the dictates of this opinion.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

220154f.u05
220155f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)